## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JERMAINE D. BAILEY,** ) | **CASE NO.: 5:14CR20** |
| ) | **(5:15CV2386)** |
| **Petitioner,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | **MEMORANDUM OPINION** |

This matter is before the Court on Petitioner, Jermaine D. Bailey's, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Docket #64.)

### Procedural History

On January 15, 2014, Petitioner was charged in a two count indictment with conspiring to possess cocaine with the intent to distribute (Count One) and possession of cocaine with the intent to distribute (Count Two).  On October 8, 2015, the Parties entered into a Plea Agreement. Defendant entered a plea of guilty to Count Two and the Government agreed to dismiss Count One.  (Docket #34, pp. 111-20.)  On January 26, 2015, this Court sentenced Defendant on Count Two to 32 months of incarceration, 3 years of supervised release, and a $100 special assessment. (Docket #43.)

On November 20, 2015, Petitioner filed his Section 2255 Motion with this Court, arguing ineffective assistance of counsel.  (Docket #64.)  On December 15, 2015, the Government filed its Response to Petitioner's Motion.  (Docket # 73.)  The Government argues Petitioner's claims are without merit and should be denied.  On February 1, 2016, Petitioner filed a Reply to the Government's Response.  (Docket #74.)

**Discussion**

Title 28 U.S.C. § 2255 provides in pertinent part:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for a claim of ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner claims that Counsel was ineffective by alleging that Counsel deprived him of an opportunity to review the Presentence Investigation Report ("PSR") in a "timely manner" because his review "three days befor[e] sentence" did not afford him the opportunity to "review

and object to issues[] raised." (Docket #64, p. 322.) Petitioner cites no case law to support his argument that having the PSR three days before the sentencing hearing is insufficient time. Further, the record reflects that Petitioner did not indicate to this Court at his sentencing hearing any issues with Counsel's representation regarding the PSR or his ability to review the PSR prior to sentencing.

First, Petitioner argues that if he had more time, he would have objected to the calculation of his total offense level of 17. Petitioner fails to recognize that Counsel, after requesting and receiving additional time to meet with Petitioner, filed a Sentencing Memorandum arguing for a total offense level of 15, which was accepted by the Court. Counsel's representation of Petitioner was neither unreasonable nor constitutionally deficient under the *Strickland* standard. Second, Petitioner argues that he thought he was pleading guilty to simple possession and not possession of a controlled substance with the intent to distribute. Petitioner does not offer anything to support his contention and the record directly contradicts it. When Petitioner entered his guilty plea, the Plea Agreement was read in its entirety, and he confirmed there was nothing in the Plea Agreement that he did not understand or that he questioned. During the plea colloquy there are consistent references to "Possesion of Cocaine with the Intent to Distribute" and no reference to simple possession. (Docket #72.) Counsel's representation of Petitioner was neither unreasonable nor constitutionally deficient under the *Strickland* standard, as it is clear from the record the charge to which Petitioner pled guilty.

Petitioner has failed to present evidence to support his claim that Counsel was ineffective and that he suffered prejudice as a result of the performance of Counsel. Petitioner submits only

self-serving, conclusory statements regarding the alleged deficiencies of Counsel. The record in this case shows active and appropriate representation by Counsel and there is no evidence that any of the alleged actions or inactions of Counsel would have resulted in a different outcome in this case.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack*, 529 U.S. at 484.  Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling.  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings.  Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #64 in Case No. 5:14CR20) is DENIED.  There is no basis upon which to require a hearing on Petitioner's Section 2255 Motion.  Accordingly, Petitioner's request for a hearing is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: March 28, 2016