FILED

DEC 11 2019

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

cNORTHERN DISTRICT OF
OHIO

UNITED STATES OF AMERICA,
v. Crim. No._5:14cr020_____
Jermaine D Bailey, Sr.
Movant.

MOTION TO TERMINATE SUPERVISED RELEASE AFTER
COMPLETION OF ONE-YEAR OF SUPERVISION
PURSUANT TO TITLE 18 U.S.C. S 3583(e)(1)

NOW COMES, Jermaine D Bailey Sr. ("Bailey"), appearing pro se, and files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1).

INTRODUCTION

The district court enjoys "broad discretion" when, after "take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence," it discharges a defendant's supervised release. See United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). "These [factors] are largely the same considerations the court must assess when imposing the original sentence." [I]ld.

Title 18 U.S.C. § 3583(e)(1) states that: "The court may, after considering the factors set forth in section (a)(1), (a)(2)(B), (a) (2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

"Claims of injustice or unfairness may be properly evaluated-- as one factor among many-- under the broad and general directive of § 3583(e)(1)." Jeanes at 484-485. However, the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." Id.

As the Supreme Court has noted: [§ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its reimposition or continuation at a later time. Congress wrote that when a court finds that a defendant's conduct and the interest of justice warrant it, the court may "terminate a term of supervised release and discharge the person released," once at least a year of release time has been served.
Johnson v. United States, 529 U.S. 694, 120 S.Ct. 370, 146 L.Ed.2d 727, 738 (2000)

DISCUSSION

Movant Bailey respectfully asks this court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice."

I.

Bailey has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's express terms of supervision, including abstaining from drug use (as evidenced by his continued "clean" drug monitoring), fully obeying the law, and diligently complying

with the requirements of the Probatilean" drug monitoring), fully obeying the law, and diligently complying with the requirements of the Probation Department. Blow has tried to live a productive lifestyle by holding steady employment while supporting himself.

II.

When evaluating his offense conduct, criminal history, and potential for further crimes, Bailey believes this court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See Publication 109, p.37 (1993), U.S. Administrative Office of Courts. See also, Publication 109, Chapter III, p.19-21 (2007 Revision)

Bailey meets all of the following suggested criteria from Publication 109 (p.20): 1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all condition supervision;

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

CONCLUSION

WHEREFORE, premises considered, Bailey asks this court to terminate his supervised release term early for the aforementioned reasons.

DATED: 12-15-19

Respectfully Submitted,

Jermaine D Bailey Sr Pro Se
~~1201 Cadillac Blvd~~
Akron, OH 44320
1450 Hartford Ave